UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LAZARO CONTRERAS,<br><br>Defendant. | 5:98-CR-50078-LLP<br><br><br>ORDER |

Pending before the Court is Defendant's third motion for compassionate release. (Doc. 284.) For the following reasons the motion is denied.

**BACKGROUND**

In September 2000, a jury convicted Jose Lazaro Contreras (Contreras) of conspiracy to possess with intent to distribute methamphetamine, and in March 2001, district court Judge Richard Battey sentenced him to life in prison.

In August 2016, Contreras filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactively-amended drug quantity base offense levels. On February 17, 2017, this Court granted Contreras' motion and reduced his sentence to 372 months' imprisonment. (Doc. 262.)

In October 2020, Contreras filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Records from the Federal Bureau of Prisons (BOP) documenting Contreras' medical conditions, education and disciplinary actions were provided. A lawyer with the Federal

Public Defender's Office represented Contreras and filed a brief and other information in support of the motion, pointing out that Contreras suffered from medical problems, including hyperlipidemia, hypertension, and chest pain due to a granuloma in his lung. Contreras argued that his medical conditions made him particularly vulnerable to developing serious complications from exposure to COVID-19, and that his health conditions and incarceration during the pandemic were "extraordinary and compelling" reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The government opposed Contreras' motion, arguing that his stable, non-severe, and controlled health conditions did not constitute extraordinary or compelling reasons for release, and that the 18 U.S.C. § 3553(a) factors weighed against his release.

This Court concluded that no extraordinary and compelling reasons called for granting Contreras early release, and his first motion for compassionate release was denied on November 30, 2020. (Doc. 276.)

In May 2022, Contreras filed a second motion for compassionate release because he had been told that he had stage four liver cancer. (Doc. 277.) After a biopsy of masses on his liver revealed they were benign (non-cancerous), Contreras moved to withdraw his second motion because he no longer had an argument supporting compassionate release. (Doc. 280.) The motion to withdraw was granted and the motion for compassionate release was denied because there was no evidence of extraordinary and compelling circumstances to justify Contreras' early release. (Doc. 282.)

In his current, third motion for compassionate release, Contreras claims that he is not receiving appropriate follow-up medical care in prison which causes him to be concerned that the

masses on his liver will become malignant. (Doc. 284.) In addition, Contreras would like to take his 95-year-old father out of the nursing home and care for him. (*Id.*)

The Federal Public Defender declined to supplement Contreras' third motion with any further briefing. Additional records from the BOP documenting Contreras' health conditions and medical care, disciplinary record, and education were submitted. (Doc. 287.) The government opposes Contreras' motion for compassionate release. (Doc. 289.)

## DISCUSSION

Section 3582, as amended by the First Step Act of 2018, provides that a court may reduce a sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1]

The United States Sentencing Guidelines ("USSG") explain what constitutes "extraordinary and compelling" reasons for a sentence reduction under § 3582(c)(1)(A). A defendant's medical circumstances may qualify as extraordinary and compelling if a defendant: (1) has a terminal illness; (2) is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health; or (3) has a medical condition that requires prolonged or specialized medical care that is not being provided. USSG § 1B1.13. A defendant's family circumstances may be extraordinary and

---

[1] The statute also provides for early release of inmates at least 70 years of age under certain circumstances, but that provision is inapplicable to Contreras who is only 55 years old. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

3

compelling where the defendant's parent is incapacitated, and the defendant is the only available caregiver.[2] USSG § 1B1.13.

Even if a defendant meets the requirements for extraordinary and compelling circumstances under USSG § 1B1.13, Section 3582(c)(1) requires the Court to consider the factors in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. These considerations include "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to: "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(D). A court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction. *See, e.g., United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020).

## A. Extraordinary and Compelling Reasons

### 1. Medical Conditions

In his original motion for compassionate release filed in 2020, Contreras argued that he was entitled to compassionate release because of his underlying health conditions - - hypertension, hyperlipidemia, and a lung granuloma - - and the coronavirus pandemic. (Doc. 264.) As stated

---

[2] The Sentencing Commission's policy statement also provides that extraordinary and compelling reasons may exist based on a defendant's age where "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). But this does not apply here because Contreras is 55 years old.

earlier, this Court found that Contreras' medical conditions did not constitute extraordinary or compelling reasons to warrant a sentence reduction. (Doc. 276.)

Contreras' only new health issue in his present motion relates to the benign masses on his liver. (Doc. 284.) When he voluntarily withdrew his second motion for compassionate release in 2022, Contreras admitted that he no longer had a basis for compassionate release because the masses on his liver are not cancerous. (Doc. 280.) In his current motion, Contreras notes that he was transferred to a different prison on June 28, 2022, and he does not feel they are following up on the liver masses because he has not undergone a colonoscopy or EGD which were recommended at his prior facility, and he fears the masses will become malignant. However, Contreras has been assured by his medical providers that he does not have cancer. One of his medical providers noted: "Once again, I reviewed the US of abdomen and biopsy results and explained that there is no cancer and that he does not have 9 masses in his liver." (Doc. 287, pp. 13, 46.) Contreras continues to receive specialized care from the BOP, including an ultrasound of his liver on September 6, 2023. (Doc 287, p. 41.) The BOP records reflect that Contreras has regular follow-up appointments with medical providers and is prescribed medication for his health conditions. The Court is sympathetic to Contreras' concerns about getting cancer, but the record confirms that his current medical conditions are relatively common and well-managed by the BOP and, therefore, do not present extraordinary and compelling circumstances.

### 2. Family Circumstances

Contreras contends that his 95-year-old father had to be placed in a nursing home because no family members were able to care for him. Contreras says that, if he were released, he would take his father out of the nursing home and care for him. However, Contreras admits that he will likely be deported to Mexico upon his release from prison, and there is no allegation that his

5

father's nursing home care is inadequate. These circumstances do not warrant early release under USSG § 1B1.13(b)(3).

**B. Section 3553(a) Factors**

Even assuming Contreras was able to demonstrate an extraordinary and compelling reason for compassionate release, the Court finds that the 3553(a) factors weigh against his early release.

The nature and circumstances of the offense are serious. The jury found Contreras guilty of conspiracy to distribute at least one kilogram (2.2 pounds or 1000 grams) or more of a mixture containing a detectable amount of methamphetamine. (Doc. 170.) The PSR attributed over 20 kilograms of methamphetamine to Contreras' criminal activity. Judge Battey described Contreras' role in the conspiracy as "orchestrator of the manufacturing process" at "four fully functional methamphetamine laboratories." *See* Civ. 03-5032, Doc. 9, Order Denying Petition for 28 U.S.C. § 2255 Relief at p. 1-2. At sentencing, Judge Battey increased Contreras' base offense level with adjustments for his possession of a dangerous weapon and his role as an organizer or leader in the conspiracy. *See* Civ. 03-5032, Doc. 9, p. 7. Simply put, the nature and circumstances of the offense do not support early release for Contreras.

Contreras' history and characteristics also do not favor early release. Contreras had a conviction for carrying a concealed weapon in 1991 at age 20, and he has been involved in several instances of violent conduct toward other inmates while in prison.[3]

After considering all of the § 3553(a) factors, the Court concludes that Contreras' sentence of 372 months' imprisonment is necessary to promote respect for the law, to provide just

---

[3] In 2017, when this Court granted Contreras' motion for a sentence reduction and lowered his sentence to 372 months, it recognized Contreras' efforts to better himself in prison by taking advantage of many courses offered at the prison. The Court commends Contreras for his continued efforts to further his education while in prison.

punishment for his offense, and to afford adequate deterrence. A further reduction in Contreras' sentence would fail to reflect the seriousness of the offense, and it would undermine the goal of protecting the public from further crimes of the defendant.

For these reasons, the Court finds that the § 3553(a) factors do not justify compassionate release.

### C. Motion to Correct Clerical Error

Contreras also moves to correct an alleged clerical error. (Doc. 288.) He refers to this Court's 2017 Order that reduced his sentence from life to 372 months. (Doc. 263.) Contreras asserts that the Order should reflect that he will be on supervised release for five years after his release from prison. He believes the Order's failure to mention his term of supervised release somehow adversely affects his sentence. Contreras asks the Court to amend the Order "to reflect the non-changed supervised release of 5 years." (Doc. 288, p. 2.) However, the Order states that, "[e]xcept as otherwise provided, all provisions of the judgment dated 03/05/2001 shall remain in effect." (Doc. 263.) Thus, the five-year term of supervised release set forth in the original judgment dated March 3, 2001 remains in effect, and there is no error to correct. Accordingly,

**IT IS ORDERED**:

1. That the motion for compassionate release, Doc. 284, is denied.
2. That the Motion to Correct Clerical Error, Doc. 288, is denied.

DATED this 30th day of May, 2025.

BY THE COURT:

*/s/ Lawrence L. Piersol*
LAWRENCE L. PIERSOL
United States District Judge